Dear Representative Howard:
This opinion letter is in response to your questions asking:
 (1) Is the Mayor afforded authority to look at any record of the city, for any reason, including the Daily Log Book of the city police department with the exception of felony or juvenile offenses?
 (2) Does the Mayor of a municipality have the power to remit fines and forfeitures and to grant reprieves and pardons for offenses arising under the ordinances of the city?
We understand the city about which you are concerned is a third class city operating under the provisions of Chapter 77, RSMo. Therefore, we will treat your questions as only relating to such third class cities. Likewise, with respect to your first question, we understand your primary concern to be the authority of the mayor to look at the daily log book maintained by the city police department. We will confine our discussion to the mayor's authority to look at such daily log book. As suggested by your first question, we will not address records relating to juveniles.
With respect to your first question, Section 77.250, RSMo 1986, provides in part:
 He [the mayor] shall have the superintending control of all the officers and affairs of the city, and shall take care that the ordinances of the city and the state laws relating to such city are complied with.
Section 77.350, RSMo 1986, provides in part:
 The mayor shall be active and vigilant in enforcing all laws and ordinances for the government of the city, . . .
Subsection 2 of Section 85.561, RSMo 1986, provides:
 2. The chief of police shall, in the discharge of his duties, be subject to the orders of the mayor only; the deputy chief of police and all other members of the police department shall be subject to the orders of their superiors in the police department and the mayor only.
Your opinion request does not state what matters are contained in the daily log book maintained by the city police department so we will address your question in general terms. Sections 77.250, 77.350 and 85.561 provide for the mayor to have superintending control of all officers and affairs of the city, be active and vigilant in enforcing laws and ordinances for the government of the city, and for the chief of police to be subject to the orders of the mayor. Based upon these provisions, the mayor generally has access to records such as the daily log book maintained by the city police department. Normally, his motivation for looking at an official record is irrelevant if he has authority to have access to that record. It is not his examination of the record that would be the illegal act but, if he used the information obtained from the record for illegal purposes, it would be that use which would be illegal. See, for example, Section 576.050, RSMo 1986.
On the other hand, the purpose of his looking at a record would be relevant in regard to arrest records which are closed under Sections 610.100 to 610.120, RSMo 1986.
Section 610.100, RSMo 1986, provides:
 If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.
Section 610.105, RSMo 1986, provides:
 If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120.
Section 610.120, RSMo 1986, provides in part:
 Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section. They shall be available only to courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law or presidential executive order. . . ."
(Emphasis added.)
As to records covered by Sections 610.100 to 610.120, the mayor could be considered to be a person from a "law enforcement agency" as that term is used in Section 610.120
since Section 77.350 gives him the responsibility of enforcing all laws and ordinances for the government of his city and Section 85.561 makes the chief of police subject to the orders of the mayor. However, the mayor may look at these records only "for purposes of prosecution, litigation, sentencing, parole consideration . . .".
As for your second question, it is answered by Section77.360, RSMo 1986, which provides:
 The mayor shall have power to remit fines and forfeitures and to grant reprieves and pardons for offenses arising under ordinances of the city; but this section shall not be so construed as to authorize the mayor to remit any costs which may have accrued to any officer of the city by reason of any prosecution under the laws or ordinances of said city.
Under that section, the answer to your second question is yes. See, also, Missouri Attorney General Opinion Letter No. 207, Smith, 1980, a copy of which is enclosed.
In summary, it is the opinion of this office that the mayor of a third class city operating under the provisions of Chapter 77, RSMo 1986, has the authority to look at the daily log book maintained by the city police department. In regard to closed arrest records to which Sections 610.100 to 610.120, RSMo 1986, are applicable, the mayor may look at such closed arrest records only for purposes of prosecution, litigation, sentencing and parole consideration. The mayor of such third class city has the power to remit fines and forfeitures and to grant reprieves and pardons for offenses arising under ordinances of the city.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure
Opinion Letter No. 207, Smith, 1980